**\*\*E-filed 10/4/10\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LISA GALAVIZ, etc.,                                    No. C 10-3392 RS

          Plaintiff,

   v.

JEFFREY S. BERG, et al.,

          Defendants.

_____/

PHILIP T. PRINCE, etc.,                               No. C 10-4233 RS

          Plaintiff,

                                **ORDER RE SCHEDULING OF**

   v.                                                                            **MOTIONS**

JEFFREY S. BERG, et al.,

          Defendants.

_____/

     These two related actions assert shareholders' derivative claims growing out of alleged

practices of Oracle Corporation to overcharge for products purchased by the federal government.

The complaint in <u>Galaviz v. Berg</u>, C 09-3392 RS ("the <u>Galaviz</u> action") expressly invokes federal

jurisdiction, and was originally filed in this Court.  <u>Prince v. Berg</u>, C-4233 RS ("the <u>Prince</u> action"),

purports to advance claims only under state law, but was removed here based on defendants'

**United States District Court**
For the Northern District of California

arguments that the claims alleged nonetheless implicate federal law, thereby giving rise to removal jurisdiction.

Oracle has filed motions in both actions requesting that it be permitted to move to enforce a provision of its bylaws that any derivative actions be filed in Delaware Chancery Court, before it is required to move to dismiss on any other grounds.  Galaviz and Prince both have filed oppositions, arguing that there is no basis to relieve Oracle from the usual requirement of Rule 12(g)(2) of the Federal Rules of Civil Procedure that all grounds for dismissal be presented at the same time.[1] Plaintiffs also object that Oracle's motions seek relief of a nature not contemplated by Civil Local Rule 7-11, under which the motions were brought.

Plaintiffs may be correct that Oracle's motions push against the limits of what may properly be raised under Rule 7-11.  At heart, however, Oracle is seeking to resolve scheduling and case management questions that can be adequately addressed within the timing and page limit constraints of the rule.  Similarly, while Rule 12(g)(2) generally prohibits a party from presenting multiple grounds for dismissal *in seriatim*, it does not preclude the Court from directing the parties to address issues in a sequence that facilitates efficient case management.

Oracle's basic argument, however, is only that Court and party resources may be conserved by addressing the venue issue first, because if it prevails on that point, there will be no need to brief or decide its additional grounds for dismissal.  The same could be said in virtually any case where a defendant believes dismissal is appropriate for multiple alternative reasons; standing alone Oracle's argument would not warrant departure from the usual rule that all grounds for dismissal must be presented together.

Nevertheless, plaintiffs in both actions are in agreement that it *is* appropriate to hear the Prince plaintiff's motion to remand prior to addressing the dismissal arguments.  Thus, there will be

---

[1]   Galaviz filed an opposition in the Prince action that is substantially similar to the one she filed in her own case.  At this juncture, the two cases have only been related, not consolidated.  As such, Galaviz's brief may be considered as input regarding how the two cases should be managed, but she lacks standing to oppose the motion in the Prince action.  Prince, represented by separate counsel, has also filed opposition, however.

United States District Court

For the Northern District of California

at least two rounds of motion practice in any event.[2]  Under these circumstances, it will serve judicial efficiency to consider first all of the arguments that relate to where these matters will be heard, prior to hearing any arguments for dismissal that may remain should jurisdiction of either or both cases in this venue be found to be proper.

Accordingly, good cause appearing, it is hereby ordered that:

1.  The hearing on plaintiff's motion to remand in the Prince action is hereby continued to December 2, 2010.[3]

2.  Oracle shall file its venue motions on or before October 28, 2010, and shall notice them for hearing on December 2, 2010.  Opposition and reply briefs shall be due as provided in Civil Local Rule 7.

3.  Oracle is hereby relieved from the obligation to move to dismiss on any other grounds until further order.

IT IS SO ORDERED.

Dated: 10/4/10

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

[2]   If the Prince motion to remand is granted, there will be no second round with respect to that action in this Court, of course, but there will still be further motions in Galaviz.

[3]   The length of the continuance is dictated by the Court's calendar, and is not being imposed to accommodate Oracle.