Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION DERIVATIVE LITIGATION | **Master File No. C-10-03392-RS;** <br> **Case No. C 11-04493-RS** |
| SCOTT OZAKI, derivatively and on behalf of ORACLE CORPORATION, <br><br> Plaintiff, <br> v. <br><br> LAWRENCE J. ELLISON, SAFRA A. CATZ, JEFFREY O. HENLEY, MICHAEL J. BOSKIN, H. RAYMOND BINGHAM, DONALD L. LUCAS, JEFFREY S. BERG, BRUCE R. CHIZEN, HECTOR GARCIA-MOLINA, NAOMI O. SELIGMAN, and GEORGE H. CONRADES, <br><br> Defendants, <br> -and- <br><br> ORACLE CORPORATION, a Delaware Corporation, <br><br> Nominal Defendant. | **NOTICE OF PROPOSED SETTLEMENT** |

[Proposed Derivative Notice for Posting on Oracle's Website and Filing with the Court]

TO: ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF ORACLE CORPORATION ("ORACLE" OR THE "COMPANY") AS OF _____ \_\_, 2013 (date of preliminary approval) ("CURRENT ORACLE SHAREHOLDERS").

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF THE ABOVE-CAPTIONED SHAREHOLDER DERIVATIVE ACTIONS, AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. YOUR RIGHTS MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS. IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.**

**IF YOU HOLD ORACLE COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS NOTICE TO SUCH BENEFICIAL OWNER. THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF THESE ACTIONS. THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

Notice is hereby provided to you of the proposed settlement (the "Settlement") of two shareholder derivative actions: (1) *In re Oracle Corporation Derivative Litigation*, Master File No. C-10-03392-RS (N.D. Cal.); and (2) *Ozaki v. Ellison, et al.*, Case No. C 11-04493-RS (N.D. Cal.) (collectively, the "Derivative Actions"). This Notice is provided to you by Order of the United States District Court for the Northern District of California (the "Court"). It is not an expression of any opinion by the Federal Court. The purpose of this Notice is to notify you of the terms of the proposed Settlement, and of your rights related thereto.

**I.   WHY THE COMPANY HAS ISSUED THIS NOTICE**

Your rights may be affected by the settlement of the Derivative Actions. The plaintiffs in those actions (Lisa Galaviz, Philip T. Prince, and Scott Ozaki (collectively referred to as the "Plaintiffs")), defendants Jeffrey S. Berg, H. Raymond Bingham, Michael J. Boskin, Safra A. Catz, Bruce R. Chizen, George H. Conrades, Lawrence J. Ellison, Hector Garcia-Molina, Jeffrey O. Henley, Donald L. Lucas, Charles E. Phillips, Jr., and Naomi O. Seligman (collectively referred to as the "Individual Defendants"), and nominal defendant Oracle (Oracle and the

1

Individual Defendants are collectively referred to as the "Defendants") have agreed upon terms to settle the Derivative Actions and have signed a written Stipulation of Settlement (the "Stipulation") setting forth those settlement terms.

On _____ \_\_, 2013, at \_\_\_ \_.m., the Court will hold a hearing (the "Settlement Hearing") in the Derivative Actions. The purpose of the Settlement Hearing is to determine: (i) whether the terms of the Settlement are fair, reasonable, and adequate and should be approved; (ii) whether final judgments should be entered; and (iii) such other matters as may be necessary or proper under the circumstances.

## II. SUMMARY OF THE LITIGATION

### A. Procedural Overview

#### (i) The Consolidated Action

On August 2, 2010, Plaintiff Lisa Galaviz filed a derivative complaint in the United States District Court for the Northern District of California against Oracle (as a nominal defendant) and certain of Oracle's current and former officers and directors. On August 19, 2010, Plaintiff Philip T. Prince filed a similar derivative complaint in the San Mateo Superior Court, which Defendants removed to the United States District Court for the Northern District of California. On February 8, 2011, the actions brought by Ms. Galaviz and Mr. Prince were ordered consolidated for all purposes (the "Consolidated Action"). On February 10, 2011, the plaintiffs in the Consolidated Action filed a consolidated complaint alleging the following claims for relief: breach of fiduciary duty; abuse of control; and unjust enrichment based on violations of the False Claims Act by Oracle.

On March 31, 2011, Oracle filed a motion to dismiss the Consolidated Action on the ground that plaintiffs had failed to plead particularized facts demonstrating that they were excused from making a demand upon Oracle's Board of Directors to act on their allegations, which was heard on June 2, 2011. The individual defendants in the Consolidated Action also moved to dismiss that Action for failure to state a claim.

On September 12, 2011, the plaintiffs in the Consolidated Action filed a petition for a writ of mandate in the California Superior Court for the County of San Mateo. The petition sought an

order under California Corporations Code Section 1601 compelling Oracle to allow inspection of 12 categories of documents. The stated purposes of the petition were to assist the plaintiffs in the Consolidated Action in pleading demand futility, and to assist them in investigating the allegations raised in that action.

On November 9, 2011, the Court issued an order granting Oracle's motion to dismiss the Consolidated Action with leave to amend. The order held that, to demonstrate that demand would have been futile, any amended complaint would have to plead particularized facts showing that "the [Oracle] directors knew of, or recklessly disregarded" information showing that "Oracle was engaged in the alleged wrongdoing." The Court also dismissed the Consolidated Action with leave to amend on the independent ground that Plaintiffs had failed to demonstrate that they had been Oracle shareholders at the time of the alleged wrongful acts and that they retained ownership for the duration of the lawsuit.

The plaintiffs in the Consolidated Action have not yet filed an amended complaint. The action has been stayed pending settlement negotiations pursuant to the parties' stipulation.

On December 12, 2011, the trial court in the Section 1601 Action entered final judgment allowing the document inspection sought by the plaintiffs in the Consolidated Action. Oracle has appealed that judgment and filed its opening brief on December 28, 2012. No hearing date has been scheduled.

(ii) **The Ozaki Action**

On September 8, 2011, Plaintiff Scott Ozaki filed a derivative action (the "Ozaki Action") in the United States District Court for the Northern District of California against some of the same defendants named in the Consolidated Action. Mr. Ozaki's complaint asserted the following claims for relief: breach of fiduciary duty; waste of corporate assets; and unjust enrichment arising from allegations similar to those in the Consolidated Action. On April 9, 2012, the Ozaki Action was stayed pursuant to the parties' stipulation pending settlement negotiations.

    **(iii)**   **The Dismissed Delaware Action**

  On March 22, 2011, Plaintiff Jordan Weinrib filed a derivative action in the Court of Chancery for the State of Delaware. That action was entitled *Weinrib v. Ellison, et al.*, Case No. 7350 (Del. Ch.) (the "Delaware Action"). Mr. Weinrib alleged claims for breach of fiduciary duty based on allegations similar to those in the Consolidated Action. Mr. Weinrib voluntarily dismissed his complaint without prejudice in April 2012, and the Delaware Action is no longer pending.

  **B.**   **Settlement Negotiations**

  The parties in the Consolidated Action and the Ozaki Action agreed to stay those actions to facilitate settlement discussions. Those discussions began with a formal mediation on June 5, 2012, supervised by the Hon. Dickran M. Tevrizian (Ret.). Between June 2012 and December 2012, the parties continued their settlement discussions, including further telephonic conferences with Judge Tevrizian and face-to-face and telephonic meetings between counsel.

  Substantially in response to those discussions, and as set forth in further detail below, Oracle has agreed to institute or maintain corporate governance provisions governing its internal controls and systems regarding compliance with the False Claims Act and with regulations promulgated by the General Services Administration regarding pricing for software licensed and services provided to government agencies. After negotiating and reaching agreement on the corporate governance provisions, the parties then subsequently began negotiations about the payment of Derivative Plaintiffs' Counsel's fees and reimbursement of expenses. After discussions with Judge Tevrizian and counsel, the parties eventually reached an agreement, subject to Court approval, on payment to Derivative Plaintiffs' counsel for fees and expenses.

  The Settling Parties believe that a settlement at this juncture on the terms and conditions set forth herein is fair, reasonable, adequate, and in the best interests of Oracle and its shareholders.

**III.**   **TERMS OF THE PROPOSED SETTLEMENT**

  The principal terms, conditions, and other matters that are part of the Settlement, which are subject to approval by the Court, are summarized below. This summary should be read in

conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and is available for public inspection. To fully, finally, and forever resolve the Derivative Actions, and following extensive, arm's-length settlement negotiations, the parties have agreed as set forth in the Stipulation as follows:

1. Oracle will continue or will implement certain corporate governance measures at the Company, which include internal controls and procedures specifically relating to the allegations raised in the Derivative Actions, including compliance with the False Claims Act and with regulations promulgated by the General Services Administration (the "Corporate Governance Measures") regarding pricing for software licensed and services provided to government agencies. Oracle and the Individual Defendants acknowledge that the implementation or continuation of these measures confers a benefit to the Company and is substantially in response to the efforts of Plaintiffs' counsel in the Derivative Actions.

2. The Stipulation also provides for the entry of judgments dismissing the Derivative Actions against Oracle and the Individual Defendants with prejudice and, as explained in more detail in the Stipulation, barring and releasing certain known or unknown claims that have been or could have been brought in any court by the Plaintiffs, by Oracle, or by any of it shareholders, against Oracle and the Individual Defendants relating to any of the claims or matters that were or could have been alleged or asserted in any of the pleadings or papers filed in the Derivative Actions. The Stipulation further provides that the entry of Judgments will bar and release any known or unknown claims that have been or could have been brought in any court by the Defendants against Plaintiffs or Plaintiffs' counsel related to any of the claims or matters that were or could have been alleged or asserted in any of the pleadings or papers filed in the Derivative Actions or based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions.

**IV.   PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES**

After negotiating the substance of the Corporate Governance Measures described above, the parties engaged in arm's-length negotiations regarding the attorneys' fees and expenses of Plaintiffs' counsel. As a result of these negotiations, the parties have agreed that, subject to court

determination, the Company will pay or cause to be paid to Plaintiffs' counsel attorneys' fees and expenses in an aggregate amount not to exceed $1,900,000 (the "Fee Award"), for both of the Derivative Actions and for the Delaware Action. The Fee Award includes fees and expenses incurred by Plaintiffs' counsel in connection with the Derivative Actions and the Delaware Action. To date, Plaintiffs' counsel have not received any payment for their efforts in those actions. The Fee Award will compensate Plaintiffs' counsel for the results achieved in the Derivative Actions and the Delaware Action, and for undertaking the prosecution of those actions on a contingent basis.

V. REASONS FOR THE SETTLEMENT

Counsel for the parties believe that Settlement is in the best interests of Oracle and the Current Oracle Shareholders.

A. Why Did the Plaintiffs Agree to Settle?

Plaintiffs' counsel conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Derivative Actions. Plaintiffs' Counsel have analyzed the evidence adduced during their investigation, and have researched the applicable law with respect to the potential claims of Plaintiffs, Oracle, and Current Oracle Shareholders against the Defendants, as well as the potential defenses thereto.

Based upon the investigation and analysis described above, Plaintiffs and their counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Plaintiffs, Oracle, and Current Oracle Shareholders, and in their best interests, and have agreed to settle the claims raised in the Derivative Actions pursuant to the terms and provisions of the Stipulation after considering, among other things: (i) the substantial benefits that Oracle and Current Oracle Shareholders have received or will receive from the Settlement; (ii) the attendant risks of continued litigation of the Derivative Actions; and (iii) the desirability of permitting the Settlement to be consummated.

In particular, Plaintiffs and their counsel considered the significant litigation risk inherent in the Derivative Actions. The law imposes significant burdens on plaintiffs for pleading and proving a shareholder derivative claim. While Plaintiffs believe their claims are meritorious,

Plaintiffs acknowledge that there is a substantial risk that the Derivative Actions may not succeed in producing a recovery in light of the applicable legal standards and possible defenses. In fact, the Court previously granted Oracle's motion to dismiss the complaint in one of the Derivative Actions (with leave to amend), and there existed the possibility that, upon the Defendants' motion, the Court would dismiss with prejudice any amended complaint. Plaintiffs and their counsel believe that, under the circumstances, they have obtained the best possible relief for Oracle and for Current Oracle Shareholders.

### B. Why Did the Defendants Agree to Settle?

The Defendants have strenuously denied and continue to deny each and every allegation of wrongdoing or liability that has been made against them or that could have been made against them in the Derivative Actions. The Defendants have further asserted that, at all times, they acted in good faith, and in a manner that they reasonably believed to be and that was in the best interests of Oracle and Current Oracle Shareholders. The Defendants assert that they have meritorious defenses to the claims in the Derivative Actions, and that judgment should be entered dismissing all claims against them with prejudice. Nonetheless, the Defendants have entered into the Stipulation solely to avoid the continuing additional expense, inconvenience, and distraction of this burdensome litigation and to avoid the potential risks inherent in any lawsuit, and without admitting any wrongdoing or liability whatsoever.

### VI. FINAL COURT HEARING REGARDING THE SETTLEMENT

On _____ __, 2013, at ____ _.m., the Court will hold the Settlement Hearing at the United States District Court for the Northern District of California, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. At the Settlement Hearing, the Court will consider whether the terms of the Settlement are fair, reasonable, and adequate and thus should be finally approved and whether the Derivative Actions should be dismissed with prejudice pursuant to the Stipulation.

### VII. YOUR RIGHT TO ATTEND THE SETTLEMENT HEARING

Any Current Oracle Shareholder may, but is not required to, appear in person at the Settlement Hearing. ***Current Oracle Shareholders who have no objection to the Settlement do***

*not need to appear at the Settlement Hearing or take any other action.* If you want to be heard at the Settlement Hearing, then you must comply with the procedures for objecting, which are set forth below.

The Court has the right to change the date or time of the Settlement Hearing without further notice. Thus, if you are planning to attend the Settlement Hearing, you should confirm the date and time before going to the Court.

**VIII. YOUR RIGHT TO OBJECT AND PROCEDURES FOR DOING SO**

You have the right to object to any aspect of the Settlement. You must object in writing, and you may request to be heard at the Settlement Hearing. *If you choose to object, then you must comply with the following procedures.*

    **A.    You Must Make Detailed Objections in Writing**

Any objections must be submitted in writing and must contain the following information:

    1.    your name, legal address, and telephone number;

    2.    proof of your being a Current Oracle Shareholder as of _____ \_\_, 2013 (date of preliminary approval);

    3.    the date(s) that you acquired your Oracle shares;

    4.    a detailed statement of your specific position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made;

    5.    the grounds for each objection or the reasons for your desiring to appear and to be heard;

    6.    notice of whether you intend to appear at the Settlement Hearing (this is not required if you have lodged your objection with the Court; and

    7.    copies of any papers you intend to submit to the Court, along with the names of any witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their testimony.

The Court will not consider any objection that does not substantially comply with the above requirements.

B. **You Must Timely Deliver Written Objections to the Court, Plaintiffs' Counsel, and Defendants' Counsel**

***YOUR WRITTEN OBJECTIONS MUST BE ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____, 2013.*** The Clerk's address is:

>Clerk of the Court
>UNITED STATES DISTRICT COURT
>NORTHERN DISTRICT OF CALIFORNIA
>Phillip Burton Federal Building and United States Courthouse
>450 Golden Gate Avenue
>San Francisco, CA 94102

***YOU MUST ALSO DELIVER COPIES OF THE MATERIALS TO PLAINTIFFS' COUNSEL AND DEFENDANTS' COUNSEL SO THEY ARE RECEIVED NO LATER THAN _____, 2013.*** Counsel's addresses are:

>Mark C. Molumphy
>COTCHETT, PITRE & MCCARTHY, LLP
>San Francisco Airport Office Center
>840 Malcolm Road, Ste. 200
>Burlingame, CA 94010
>
>*Counsel for Plaintiffs*
>
>Jordan Eth
>Philip T. Besirof
>MORRISON & FOERSTER LLP
>425 Market Street
>San Francisco, CA 94105
>
>*Counsel for Nominal Defendant Oracle and the Individual Defendants*

The Court will not consider any objection that is not timely filed with the Court or not timely delivered to Plaintiffs' counsel and Defendants' counsel. Any Person or entity who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the Settlement (including the right to appeal) or to request to be heard at the Settlement Hearing, and will be forever barred from raising such objection or request in this or any other related action or proceeding.

**IX. HOW TO OBTAIN ADDITIONAL INFORMATION**

This Notice summarizes the Stipulation. It is not a complete statement of the Stipulation or of the events in the Derivative Actions. You may inspect the Stipulation and other papers filed

**[Proposed Derivative Notice for Posting on Oracle's Website and Filing with the Court]**

in the Derivative Actions at the United States District Clerk's office at any time during regular business hours of each business day. The Clerk's office is located at the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. However, you must appear in person to inspect those documents. The Clerk's office will not mail copies to you. You may also contact a representative of Plaintiffs' counsel, Mark C. Molumphy, Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Suite 200, Burlingame, CA 94010, telephone (650) 697-6000.

***PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS ABOUT THIS NOTICE, THE SETTLEMENT, OR THE DERIVATIVE ACTIONS TO EITHER THE COURT OR THE CLERK'S OFFICE.*** Any questions you have about matters in this Notice should be directed by telephone or in writing to Plaintiffs' counsel, at the address set forth above.

DATED: _____, 2013        BY ORDER OF THE COURT
                                                                UNITED STATES DISTRICT COURT
                                                                NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF PROPOSED SETTLEMENT
MASTER FILE NO. C-10-03392-RS; CASE NO. C 11-04493-RS

**[Proposed Abridged Derivative Notice for Publication in *Investor's Business Daily*]**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION DERIVATIVE LITIGATION | |
| SCOTT OZAKI, derivatively and on behalf of ORACLE CORPORATION,<br><br>       Plaintiff,<br> v.<br><br>LAWRENCE J. ELLISON, SAFRA A. CATZ, JEFFREY O. HENLEY, MICHAEL J. BOSKIN, H. RAYMOND BINGHAM, DONALD L. LUCAS, JEFFREY S. BERG, BRUCE R. CHIZEN, HECTOR GARCIA-MOLINA, NAOMI O. SELIGMAN, and GEORGE H. CONRADES,<br><br>       Defendants,<br> -and-<br><br>ORACLE CORPORATION, a Delaware Corporation,<br><br>       Nominal Defendant. | Master File No. C-10-03392-RS;<br>Case No. C 11-04493-RS |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT**

TO:   ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF ORACLE CORPORATION ("ORACLE" OR THE "COMPANY") AS OF _____ __, 2013 (date of preliminary approval) ("CURRENT ORACLE SHAREHOLDERS").

  This notice relates to a proposed settlement and dismissal of the above-captioned shareholder derivative actions (the "Derivative Actions"), which were brought on behalf of Oracle, and contains important information regarding your rights. Your rights may be affected by these legal proceedings. If the Court approves the settlement as set forth in a Stipulation of Settlement ("Stipulation"), you will be forever barred from contesting the approval of the

[Proposed Abridged Derivative Notice for Publication in *Investor's Business Daily*]

proposed settlement and from pursuing the released claims.  The proposed settlement does not provide for monetary recovery.  Accordingly, there is no claim form.

A hearing to determine whether the proposed settlement of the claims that were asserted by Derivative Plaintiffs on behalf of Oracle, against certain directors and officers of Oracle should be approved by the Court as fair, reasonable, and adequate will be held on _____ ___, 2013, at ___ _.m. before the Honorable Richard Seeborg, United States District Judge, at the United States District Court for the Northern District of California, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  At the hearing, the Court will also consider whether to enter a judgment dismissing all claims in the litigation with prejudice, forever discharging and settling certain released claims, whether to approve Derivative Plaintiffs' Counsel's fees and expenses, and any other matters that may be properly before the Court in connection with the Stipulation and proposed settlement.

THIS NOTICE IS A SUMMARY ONLY AND DOES NOT DESCRIBE ALL THE DETAILS OF THE STIPULATION AND PROPOSED SETTLEMENT.  Nothing in this notice varies or supersedes the terms of the Stipulation.  For full details of the matters discussed in this summary, you may review the Stipulation filed with the Court or a more detailed notice regarding the terms of the proposed settlement ("Notice of Proposed Settlement").  You may inspect the Stipulation and other papers filed in the Derivative Actions at the United States District Clerk's office at any time during regular business hours of each business day, at the address set forth above.  You also may review the Stipulation and Notice of Proposed Settlement on Oracle's website at http://www.oracle.com/us/corporate/investor-relations/index.html.  You also may request the Stipulation and Notice of Proposed Settlement from Derivative Plaintiffs' Counsel:

> Mark C. Molumphy
> Cotchett, Pitre & McCarthy, LLP
> San Francisco Airport Office Center
> 840 Malcolm Road, Suite 200
> Burlingame, CA 94010
> Tel:  (650) 697-6000

You are encouraged to review the Notice of Proposed Settlement and the Stipulation.  PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS ABOUT THIS MATTER

**[Proposed Abridged Derivative Notice for Publication in *Investor's Business Daily*]**

TO EITHER THE COURT OR THE CLERK'S OFFICE.  Instead, any questions should be directed by telephone or in writing to Derivative Plaintiffs' Counsel.

You may, but are not required to, appear in person at the Settlement Hearing.  If you want to be heard at the Settlement Hearing, then you must comply with the procedures for objecting, which are set forth in the Notice of Proposed Settlement, on or before _____ __, 2013.

Current Oracle Shareholders who have no objection to the Settlement do not need to appear at the Settlement Hearing or take any other action.  If you do not take steps to appear in these actions and object to the proposed settlement, you will be bound by the final judgment of the Court and will forever be barred from raising an objection to such settlement in this or any other action or proceeding, and from pursuing any of the released claims.

DATED: _____, 2013           BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF CALIFORNIA