UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION DERIVATIVE LITIGATION | **Master File No. C-10-03392-RS;**<br>**Case No. C-11-04493-RS** |
| SCOTT OZAKI, derivatively and on behalf of ORACLE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE J. ELLISON, SAFRA A. CATZ, JEFFREY O. HENLEY, MICHAEL J. BOSKIN, H. RAYMOND BINGHAM, DONALD L. LUCAS, JEFFREY S. BERG, BRUCE R. CHIZEN, HECTOR GARCIA-MOLINA, NAOMI O. SELIGMAN, and GEORGE H. CONRADES,<br><br>Defendants,<br><br>-and-<br><br>ORACLE CORPORATION, a Delaware Corporation,<br><br>Nominal Defendant. | [~~PROPOSED~~] **FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**<br><br>Judge: Hon. Richard Seeborg<br>Ctrm: 3, 17th Floor |

This matter came before the Court for hearing pursuant to a September 26, 2013 Order ("Order") on the application of the parties for approval of the settlement ("Settlement") set forth in the Stipulation of Settlement dated May 22, 2013 ("Stipulation"). Due and adequate notice having been given to Current Oracle Shareholders as required in the Order, and the Court having considered all relevant papers and proceedings and otherwise being fully informed and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

2. This Court has jurisdiction over the subject matter of these actions (collectively, the "Derivative Actions"), including all matters necessary to effectuate the Settlement, and over all parties to the Derivative Actions, including the Derivative Plaintiffs, the Current Oracle Shareholders, and the Defendants.

3. The Derivative Actions and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between the Derivative Plaintiffs and Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation regarding Derivative Plaintiffs' Counsel's attorneys' fees and expenses.

4. The Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform the terms of the Settlement set forth in the Stipulation to the extent the Settling Parties have not already done so.

5. Upon the Effective Date, the Derivative Plaintiffs and Oracle shall have, and each of the Current Oracle Shareholders on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged: (i) the Released Claims (including all Unknown Claims) against the Released Persons; and (ii) any and

1

all derivative claims against the Released Persons relating to or arising out of or connected with the Stipulation or the resolution of the Derivative Actions. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6. Upon the Effective Date, the Derivative Plaintiffs, Oracle, and each of the Current Oracle Shareholders on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, will be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims (including all Unknown Claims), or any action or other proceeding against any of the Released Persons, based on, arising out of, related to, or in connection with, the Released Claims (including all Unknown Claims).

7. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each other, the Derivative Plaintiffs, each and all of the Current Oracle Shareholders, Oracle, and Derivative Plaintiffs' Counsel, from all claims (including all Unknown Claims) relating to or arising out of, or connected with, the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions and/or Released Claims. Specifically excluded from the releases in this Paragraph is any right of Oracle's current and former officers and directors to receive (or obligation to repay) indemnification or advancement of legal expenses arising from law and/or statute, Oracle's articles of incorporation and by-laws, any existing agreements, or any resolution (or otherwise) of Oracle's Board of Directors; provided, however, that Oracle shall not seek from its former officers and directors repayment of payments made or defense expenses incurred by them or on their behalf in the Derivative Actions.

8. The Court finds that the notice given to Current Oracle Shareholders was the best notice practicable under the circumstances. Said notice also provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said

notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

9. The Court hereby approves the Fee and Expense Amount in accordance with the Stipulation, in the amount of $1,900,000, and finds that such fees and expenses are fair and reasonable and awards such amount to Derivative Plaintiffs' Counsel, to be distributed by Derivative Lead Counsel as provided in the Stipulation.

10. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Defendants or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other action or proceeding, whether civil, criminal, or administrative. Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

11. During the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Derivative Actions and the parties to the Stipulation to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein, and the provisions of this Judgment. This includes providing relief from this Judgment pursuant to Federal Rule of Civil Procedure 60 if the Stipulation has been terminated by Defendants because the California Court of Appeal in the Section 1601 Action does not remand the matter with directions to vacate the judgment or the trial court does not vacate its

judgment, in which case this Judgment shall be vacated and the parties restored to their positions as provided in the Stipulation.

13. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: ___9/30_____, 2013        _____
                                  THE HONORABLE RICHARD SEEBORG
                                  UNITED STATES DISTRICT JUDGE

Submitted by:

**COTCHETT, PITRE & MCCARTHY, LLP**
JOSEPH W. COTCHETT
NANCY L. FINEMAN
MARK C. MOLUMPHY

  _/s/ Mark C. Molumphy_
   MARK C. MOLUMPHY

San Francisco Airport Office Center
840 Malcolm Road, Ste. 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**JERRY K. CIMMET**
Attorney at Law
cimlaw@me.com
177 Bovet Road, Ste. 600
San Mateo, CA 94402
Telephone: (650) 866-4700
Facsimile: (650) 866-4770

**LAW OFFICES OF JOHN M. KELSON**
JOHN M. KELSON
kelsonlaw@sbcglobal.net
2000 Powell Street, Ste. 1425
Emeryville, CA 94608
Telephone: (510) 465-1326
Facsimile: (510) 465-0871

*Attorneys for Plaintiffs Lisa Galaviz and Philip T. Prince*

**ROBBINS ARROYO LLP**
BRIAN J. ROBBINS
KEVIN A. SEELY
CHRISTOPHER L. WALTERS

   /s/ Kevin A. Seely
      KEVIN A. SEELY

600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
*Attorneys for Plaintiff Scott Ozaki*

5